## McChesney Emanuel

### 5% Senior Secured Promissory Note

### Due May ___, 2013

This 5% Senior Secured Promissory Note (the "Note") is issued by McChesney George Emanuel, with passport number _____ (the "Obligor"), to Zhanghui Fang (the "Holder") on November 27, 2012 (the "Effective Date").

**FOR VALUE RECEIVED**, the Obligor hereby promises to pay to the Holder or its successors and assigns the principal sum of **one hundred thousand** Dollars ($100,000) together with accrued but unpaid interest and premium thereon in one installment on or before **June 3, 2013** (the "Maturity Date") in accordance with the following terms:

*Interest*. Subject to *Section 2* below, interest shall accrue on the outstanding principal balance hereof from the date of this Note at an annual rate equal to five percent (5%) and shall be payable on the Maturity Date (also, the "Interest Payment Date"). Interest shall be calculated on the basis of a 365-day year and the actual number of days elapsed, to the extent permitted by applicable law. Interest hereunder will be paid to the Holder or its assignee in whose name this Note is registered on the records of the Obligor regarding registration and transfers of Notes. Notwithstanding anything to the contrary contained herein, this Note shall bear interest ("Default Interest") at a rate equal to the lower of eighteen percent (18%) or the highest rate permitted by law (the "Default Rate") upon the occurrence of an Event of Default retroactive to the Issuance Date of this Note on the unpaid Principal Amount of this Note outstanding from time to time through the date on which such Event of Default ceases to exist.

*Pledge Agreemen*. This Note is secured by the pledge of the title of the property at 535 Route 52, Fishkill New York (the "Property"), for the benefit of the holder of this Note pursuant to a pledge agreement of even date herewith (the "Pledge Agreement") from Mr. McChesney George Emanuel (the "Owner"). The Obligor shall provide the original Property title certificate to the Holder as collateral within 30 days from the Effective Date.

This Note is subject to the following additional provisions:

*Section 1.*          Events of Default.

(a)      An "Event of Default", wherever used herein, means any one of the following events (whatever the reason and whether it shall be voluntary or involuntary or effected by operation of law or pursuant to any judgment, decree or order of any court, or any order, rule or regulation of any administrative or governmental body):

(i)      Any default in the payment of the principal of, interest on or other charges in respect of this Note, as and when the same shall become due and payable (whether on the Maturity Date or by acceleration or otherwise);

(ii) The Obligor shall fail to provide the original Property title certificate to the Holder as collateral, and have UCC lien filed within 30 days from the Effective Date;

(b) If at any time while this Note is outstanding any Event of Default has occurred, the full principal amount of this Note, together with accrued and unpaid interest and other amounts owing in respect thereof, to the date of acceleration shall become at the Holder's election, immediately due and payable in cash.

<u>Section 2</u>. <u>Early Redemption at the Option of the Obilgor</u>. The Obligor shall have the right to redeem the outstanding principal amount of this Note anytime.

<u>Section 3</u>. <u>This section is internationally left blank.</u>

<u>Section 4</u>. <u>Transfer</u>. This Note may be transferred or exchanged at the Holder's option. In the event of any proposed transfer of this Note, the Obligor may require, prior to issuance of a new Note in the name of such other person, that it receive reasonable transfer documentation that is sufficient to evidence the transfer is authorized by the Holder.

<u>Section 5</u>. <u>Notices</u>. Any notices, consents, waivers or other communications required or permitted to be given under the terms hereof must be in writing and will be deemed to have been delivered: (i) upon receipt, when delivered personally; (ii) upon receipt, when sent by facsimile (provided confirmation of transmission is mechanically or electronically generated and kept on file by the sending party) or electronic mail; or (iii) one (1) trading day after deposit with a nationally recognized overnight delivery service, in each case properly addressed to the party to receive the same. The addresses and facsimile numbers for such communications shall be:

If to the Obligor, to:

Telephone: (+1) 914.469.2612
Email: mcchesneyemanuel@gmail.com

If to the Holder:
Michelle Wang
Full Tower, #904
9 East Third Ring Rd Central
Chaoyang, Beijing 100020
P.R. CHINA

Telephone: (+86)186.1829.0560
Email: michelle.wangjie@gmail.com

or at such other address and/or facsimile number and/or to the attention of such other person as the recipient party has specified by written notice given to each other party three (3) business days prior to the effectiveness of such change. Written confirmation of receipt (i) given by the recipient of such notice, consent, waiver or other communication, (ii) mechanically or electronically generated by the sender's facsimile machine containing the time, date, recipient facsimile number and an image of the first page of such transmission or (iii) provided by a nationally recognized overnight delivery service, shall be rebuttable evidence of personal service, receipt by facsimile or receipt from a nationally recognized overnight delivery service in accordance with clause (i), (ii) or (iii) above, respectively.

<u>Section 6</u>. This section is intentionally left blank.

<u>Section 7</u>. Except as expressly provided herein, no provision of this Note shall alter or impair the obligations of the Obligor, which are absolute and unconditional, to pay the principal of, interest and other charges (if any) on, this Note at the time, place, and rate, and in the coin or currency, herein prescribed. This Note is a direct obligation of the Obligor.

<u>Section 8</u>. This section is intentionally left blank.



**IN WITNESS WHEREOF**, the Obligor has caused this 5% Senior Secured Promissory Note to be duly executed as of the date set forth above.

By: _____
Name: McCHESNEY EMANUEL