Zhanghui Fang
Creditor on case #19-35944-kyp
Email: z_fang98@yahoo.com
November 8th, 2024

U.S. Bankruptcy Court
355 Main Street, Poughkeepsie, NY 12601
Southern District of New York (Poughkeepsie) Bankruptcy
Petition #: 19-35944-kyp

IN RE: McChesney Emanuel ("Emanuel")

Subject: Request correction of debt classification, Proofs and Clarifications

Dear Honored Judge,

Following my Objection Letter to Discharge (Oct 4, 2024), and my Request Letter to correct debt classification from unsecured debt to secured debt (Oct 22, 2024), I like to supply further proofs and clarifications. The Proofs are summarized as follows, and the full Proof documents are also attached.

Proof 1)    5% Senior Secured Promissory Note, signed by Emanuel in Nov 2012.

This doc clearly shows that the $100,000 loan I made to Emanuel is a secured loan, while Emanuel knowingly misclassified the debt as unsecured in his plan.

The Senior Secured Promissory Note has the principal sum of $100,000, bears 5% annual interest, and has maturity date June 3rd 2013, secured by the property title (535 Route 52, Fishkill New York) as collateral, signed by Emanuel on Nov 27, 2012. Emanuel shall provide the original Property title certificate to the noteholder as collateral within 30 days from the Effective Date (signing date of the Note), and he defaulted.

I have provided this doc to the court hearing in Nov 2019, and at that time I was horrified and extremely upset by Emanuel's repeated lies and cheating, and wanted to focus on investigation through court support on where Emanuel was hiding my money (the sale proceeds of the property at 535 Route 52, Fishkill New York).

I now respectfully request the court to correct the debt classification from unsecured to secured.

Proof 2)    Acknowledge of Debt and Sole Beneficial Ownership and Promise/Agree to Pay back the Secured Note out of Sale Proceeds, signed by Emanuel in Nov 2014.

This doc clearly shows that Emanuel acknowledged that his debt had been past due for more than 18 months (in default) as of the signing date Nov 2024, and further Emanuel is the sole beneficial owner of the property at 535 Route 52, Fishkill New York, and shall pay me back $110,000 (including interests) as the "first priority" (senior secured) directly out of sale proceeds of this property at closing.

Proof 3)    Summary Judgement issued by Honorable Melissa Ann Crane of New York Manhattan court in May 2019.

As part of lawsuit that I filed against Emanuel at New York Manhattan court in order to get my money back, the 5% Senior Secured Note was filed with Manhattan court in Feb 2017, and got accepted by Honorable

1

Melissa Ann Crane as basis to order Emanuel to pay back secured note plus interests totaling $203,708.56 (including interests, service fee and execution fees) as of May 10, 2019 (the Judgement date).

Proof 4)    Emails, Talks, Lies and False Promises, by Emanuel in 2016 and 2017.

4.1)    On June 29, 2016, after my repeated requests, Emanuel responded "I left my phone on the train 3 days ago and still trying to get it back. However, as I said in my last email on May 11th, as soon as the sale is final you will receive your money". It was another false promise from Emanuel. He didn't intend to fulfill his obligations. After sending me this email, he disappeared for 6 months, and never took my calls nor reply to my emails/texts, until I had to fly back from Asia and visited his house on Jan 1st, 2017.

4.2)    After many repeated attempts to call/text/email, Emanuel continued not to respond from July to Dec 2016, I visited his house on Jan 1st, 2017 to ask him when he would pay me back. He admitted for the first time the property (which secures my loan to Emanuel) was sold, but then lied that he couldn't pay me immediately because IRS was holding the fund. He made false promise that he would pay me back on Jan 13. When I suggested meeting him in his house if payment is not received on Jan 13th, he emailed "There is no need to go to my house, send me your wire Information."  But he failed to pay and then changed to Jan 17 by stating "And I am trying to arrange your wire. I did indicate to you that my attorney said the week of January 15th. Given that the 15th is Sunday the transaction would be processed on the next business day". He failed to pay again on Jan 17th, 2017. After sending that email, he disappeared for another 2 months.

4.3)    On March 27, 2017, Emanuel stated in his email "I apologize for the broken promises. I stopped responding to you after the money was not available when I was assured it would be. I still have not fully resolved the tax issues". He made statements that money was not available when he was assured it would be, and also earlier he said that due to his tax issues the US government was holding the fund, and here he wanted me to believe US government was holding the fund from sale proceeds, while in fact his M&T bank account statements (See Proof #6: M&T Bank Statements of Emanuel account and appendix) show that he has had all the funds out of sales proceeds since July 2016.

There are many more emails with misleading or cheating info from Emanuel, but the samples included above represent Emanuel's repeated lies and false promises. Worth noting is Emanuel's fraudulent act where he knowingly made false claims that US federal government was holding the fund, while in fact he was holding all the funds in his M&T Bank account (See Proof #6 and appendix).

Proof 5)    Closing Statements, Contract of Real Property Sale, signed by Emanuel and Aggy Holdings LLC (the buyer) in May 2016.

The Closing Statement states that Sellers were McChesney Emanuel (one person), Purchasers were Aggy Holdings, LLC, Closing on July 14, 2016, Premises at 535 Route 52, Fishkill, New York. The Purchase Price was $275,000, and down payment was $14,000. After deducting the realtor fee and closing fees, Emanuel received $5,890.23 in down payment and $247,734.20 at closing, totaling $253,624.43 from the sale.

5.1) These documents clearly show Emanuel sold the property at his free will, while in fact he lied to the court it was a forced sale (See Proof #8, Court Hearing transcript, page 16, line 14).

5.2) Emanuel also lied to the court that when the property was sold, there was the mortgage securing the property that Emanuel paid (See Proof #8, Court Hearing transcript, page 16, line 20), while in fact Emanuel knew I was the only mortgagee secured by the property, and Emanuel never paid back a penny.

5.3) While Proof #5 (<u>Closing Statements, Contract of Real Property Sale</u>) in fact shows that Emanuel disclosed to the Purchaser there was no mortgagee, Emanuel also tried to mislead the court (Proof #8: <u>Transcript Proof that Emanuel was Lying to the Court</u>) that he paid off another senior mortgagee instead of me out of the sales proceeds. This clearly shows Emanuel has been dishonest with the court.

5.4) In the Contract of Sale of Real Property, Emanuel made false statements including that on page 4 and section 10, Emanuel hereby states that any existing mortgage will not be in default at the time of Closing, while in fact he acknowledged in emails and in the signed doc (Proof #2) and he knew that the mortgage that he borrowed from me on this property had already been in default, and he understood well that the summary judgement issued by the Manhattan court just 2 months before closing was exactly going after the defaulted loan secured by this for-sale property.

The <u>Closing Statements and Contract of Real Property Sale</u> clearly show that Emanuel has been dishonest, hiding material info from the secured creditor, the buyer, and the court.

Proof 6) <u>M&T Bank Statements of Emanuel account,</u> provided by Mr. Thomas Bauer who is Emanuel's attorney.

These bank statements reveal that Emanuel has had all sales proceeds in his account since July 2016, while Emanuel kept giving lies that he doesn't have the fund (See Proof #4: <u>Emails, Talks, Lies and False Promises</u>), and that he even makes false claims that the US federal government was holding the fund from sale proceeds of the property. This is serious dishonesty and cheating.

Proof 7) <u>Request For Further Documents related to case 19-35944</u> Mr. Thomas Bauer and Emanuel still have not provided.

To follow up from the hearing, I sent requests for further docs to Emanuel and his counsel Mr. Bauer. I copied court clerk in the first a few email requests. The fact Emanuel has not responded to requests like his bank accounts at Global Commerce Bank and elsewhere, leads to questions that Emanuel might be hiding some of his assets.

I request that the court order him to produce all his bank accounts and statements outside the US, summary explanation and info about his related parties whom he has sent money to between 2016 and 2019.

Proof 8) <u>Transcript Proof that Emanuel was Lying to the Court</u> in the hearing of Nov 19, 2019.

Because I was very upset emotionally for what Emanuel did to me, and when I attended the hearing, the court room was indeed very big, talks from other people couldn't be heard clearly, without any audio device/assistance I couldn't hear the conversations fully. Only through reading the transcript, I understood Emanuel was lying to the court that he paid off another mortgagee on the property while in fact he didn't, and that he had a forced sale while it wasn't (See Proof #5: <u>Closing Statements, Contract of Real Property Sale</u>).

In summary, the 5% Senior Secured Promissory Note that Emanuel signed to borrow from me was for purchasing and was secured by the property at <u>535 Route 52, Fishkill New York</u>. Emanuel defaulted on delivery of the property title certificate and also defaulted on payments by the due date (June 3rd, 2013). Additionally as evidenced in the above proof documents, Emanuel has been lying and cheating the secured creditor, the purchaser of <u>535 Route 52,</u>

<u>Fishkill New York,</u> and this court before and after he filed the petition. His lies and cheating acts are fraudulence, and at least are worth further questions.

For the forgoing reasons, I request the court after considering all these facts,

i. Vacate the previous discharge order to ensure that I as secured creditor will be paid first (mortgage amount payable is $203,708.56, plus the standard post judgement interest from May 10, 2019 until paid) before granting a discharge order;
ii. Direct Emanuel to return the sales proceeds $275,000 to the Trustee to pay me;
iii. In the event that Emanuel refuses to return the sales proceeds, I request this court to hold Emanuel in contempt of this court order until he returns the sale proceeds to the Trustee, or for any other reliefs to be granted as this court deems fit and proper;
iv. Direct Emanuel to produce all his overseas bank statements and related party bank transactions between July 2016 and June 2019.

Respectfully Submitted,

Zhanghui Fang